UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:19-cv-399-GCM
(3:98-cr-244-GCM-1)

| | |
|---|---|
| **REGINALD ANTHONY FALICE,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** comes before the Court on Petitioner's *pro se* Motion "Pursuant [to] 18 U.S.C. § 924(c)," (Doc. No. 1), that has been opened in this civil case as a Motion to Vacate pursuant to 28 U.S.C. § 2255.[1]

A jury found Petitioner guilty in the underlying criminal case of: Count (1), interstate domestic violence resulting in bodily injury and death (18 U.S.C. § 2261(a), 2261(b), 2266); and Count (2), using or carrying a firearm during and in relation to a crime of violence, murder (18 U.S.C. §§ 924(c)(1), 924(j), 1111). (3:98-cr-244, Doc. No. 1). The jury specifically found with regards to the § 924(c) violation in Count (2) that Petitioner is guilty of first-degree murder. (Id., Doc. No. 79). The Court sentenced Petitioner to two concurrent life sentences. (Id., Doc. No. 98). The Fourth Circuit affirmed on direct appeal. United States v. Falice, 18 Fed. Appx. 210 (4th Cir. 2001).

Petitioner has filed multiple challenges to his conviction and sentence in this Court including several motions to vacate pursuant to 28 U.S.C. § 2255, all of which were

---

[1] Petitioner has another § 2255 Motion to Vacate pending before this Court, case number 3:19-cv-398-GCM.

1

unsuccessful. See Falice v. United States, 82 Fed. Appx. 823 (4th Cir. 2003) (dismissed as untimely); Falice v. United States, 2012 WL 5198369 (W.D.N.C. Oct. 19, 2012) (dismissed as an unauthorized second or successive § 2255), *appeal dismissed* United States v. Falice, 557 Fed. Appx. 223 (4th Cir. 2014); Falice v. United States, 2014 WL 12710239 (W.D.N.C. Nov. 18, 2014) (dismissed as an unauthorized second or successive § 2255 petition), *appeal dismissed* United States v. Falice, 600 Fed. Appx. 106 (4th Cir. 2015); United States v. Falice, 704 Fed. Appx. 256 (4th Cir. 2017) (affirming denial of motion to dismiss criminal conviction for lack of jurisdiction); United States v. Falice, 728 Fed. Appx. 241 (4th Cir. 2018) (affirming denial of motion seeking relief from sentence).

Petitioner has also sought sentencing relief in other district courts without success. See Falice v. True, 2019 WL 2409571 (S.D. Ill. June 7, 2019) (dismissing § 2241 petition with prejudice); Falice v. United States, 2016 WL 7187639 (W.D. Okla. Dec. 9, 2016) (dismissing § 2255 petition for lack of jurisdiction).

The Court notes that Petitioner's vexatious filings have resulted in the imposition of fines and prefiling injunctions. See (Doc. No. 123); see also United States v. Martin *et al.*, 2:03-cv-157 (W.D. Va. Feb. 17, 2005) (permanently enjoining Defendant from filing future common law liens without first obtaining court approval).

Presently pending before the Court for consideration is Petitioner's Motion "Pursuant [to] 18 U.S.C. § 924(c)," that has been recharacterized as a § 2255 Motion to Vacate.[2] Liberally construed, the petition appears to ask the Court to vacate his § 924(c) conviction and sentence

---

[2] Petitioner was not provided warnings prior to recharacterization pursuant to United States v. Castro, 540 U.S. 375 (2003), because this is not his first § 2255 petition.

pursuant to United States v. Davis, 139 S.Ct. 2319 (2019) and United States v. Simms, 914 F.3d 229 (4th Cir. 2019), which held that § 924(c)'s residual clause in is unconstitutionally vague.

Rule 4(b) of the Rules Governing Section 2255 Proceedings provides that courts are to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. After examining the record in this matter, the Court finds that the argument presented by the Petitioner can be resolved based on the record and governing case law. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

The instant Petition is largely duplicative of the petition filed in case number 3:19-cv-399 and is dismissed without prejudice for lack of jurisdiction for the same reasons.

To the extent that Petitioner may be seeking other relief, the Motion is too vague and conclusory for the Court to determine the theories Petitioner intends to pursue or the relief he may be seeking. Therefore, the remainder of the Motion is dismissed without prejudice as insufficient to proceed.

For the foregoing reasons, the instant Motion will be construed as a petition for relief under § 2255 and/or § 2241 and will be dismissed without prejudice for lack of jurisdiction. Any additional claims are dismissed as too vague and conclusory to proceed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion "Pursuant [to] 18 U.S.C. § 924(c)," (Doc. No. 1), is construed as a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 and/or a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and is **DISMISSED** without prejudice.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: August 19, 2019

Graham C. Mullen
United States District Judge